## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KROY IP HOLDINGS, LLC,    )
             )
     Plaintiff,    )
             ) C.A. No. 17-1405-MN
    v.       )
             ) **JURY TRIAL DEMANDED**
GROUPON INC.,     )
             )
     Defendant.   )

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
## <u>DEFENDANT'S MOTION TO DISMISS</u>

OF COUNSEL:

David L. Hecht
Conor B. McDonough, Ph.D.
James Zak
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Tel: (212) 851-6821



Dated:  April 21, 2022
10117394 / 44459

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Brandon R. Harper (#6418)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
bharper@potteranderson.com

*Attorneys for Plaintiff Kroy IP Holdings, LLC*

**TABLE OF CONTENTS**

A.    Introduction ..................................................................................................................1

B.    Argument ......................................................................................................................3

    1.    Collateral Estoppel Does Not Apply To The Asserted Claims.............................3

    2.    The Federal Circuit's Rule 36 Affirmance Precludes the Application of
        Collateral Estoppel Here .......................................................................................4

    3.    Groupon's Arguments Regarding Issues Actually Litigated Is Misleading
        and Raises Issues Not Resolvable on Motions to Dismiss ....................................5

        a)    Groupon's Assertions Regarding Patentable Distinctions Are
            Misleading..................................................................................................5

        b)    Groupon Improperly Asks The Court To Rule on Patentable
            Distinctions between Asserted and Invalid Claims, But This Is
            Not Resolvable On A Motion To Dismiss ..................................................6

    4.    Groupon's remaining arguments regarding Section 101 and indirect
        infringement are re-hashed versions of previously rejected arguments..................7

C.    Conclusion ....................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. Pty. v. CLS Bank Int'l,*
  573 U.S. 208 (2014)............................................................................2

*KSR Int'l Co. v. Teleflex Inc.,*
  550 U.S. 398 (2007)............................................................................6

*M2M Sols. LLC v. Sierra Wireless Am., Inc.,*
  C.A. No. 14-1102-RGA, 2020 WL 7767639 (D. Del. Dec. 4, 2020) ........................3

*Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.,*
  924 F.3d 1243 (Fed. Cir. 2019)................................................................3

*Phil-Insul Corp. v. Airlite Plastics Co.,*
  854 F.3d 1344 (Fed. Cir. 2017)............................................................4, 5, 6

*Purdue Pharma L.P. v. Mylan Pharms. Inc*
  C.A. No. 15-1155-RGA-SRF, 2017 WL 2569604 (D. Del. June 13, 2017) ............7

*SimpleAir, Inc. v. Google LLC,*
  884 F.3d 1160 (Fed. Cir. 2018)................................................................5

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC,*
  778 F.3d 1311 (Fed. Cir. 2015)................................................................4

*Stragent, LLC v. BMW of N. Am., LLC,*
  C.A. No. 20-510-LPS, 2021 WL 1147468 (D. Del. Mar. 25, 2021) ..................5, 7

*United Access Techs., LLC v. CenturyTel Broadband Servs. LLC,*
  778 F.3d 1327 (Fed. Cir. 2015) ............................................................4, 5

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................1, 2

Fed. R. Civ. P. 36............................................................................1, 2, 3, 4, 6

Plaintiff Kroy IP Holdings, LLC ("Kroy IP"), submits this Memorandum of Law in opposition to Defendant Groupon, Inc.'s ("Groupon") Motion to Dismiss under Rule 12(b)(6) Based on Collateral Estoppel of Invalidity (D.I. 117).

## A.      Introduction

The patent litigated here, U.S. Patent No. 6,061,660 ("660 Patent"), issued May 9, 2000, and following *ex parte* reexamination, received an *ex parte* reexamination certificate on February 6, 2016.  This case began with Kroy's filing of a complaint on October 6, 2017, triggering the one-year clock for Groupon to petition the Patent Trial and Appeal Board for *inter partes* review. Groupon petitioned the PTAB for IPR, but on only some of the claims in the 660 Patent.[1]  The PTAB issued Final Written Decisions invalidating those claims under petition, and did so on multiple, independent grounds.  The Federal Circuit affirmed these decisions (which, again, only affected the subset of total claims that Groupon included when petitioning for IPR) via a Rule 36 affirmance, rather than a detailed written decision. leaving it unclear what particular grounds the Federal Circuit approved of.  The claims that Groupon omitted from its petitions for IPR remained unadjudicated, and a set of those unadjudicated claims remains asserted in Kroy's current amended complaint.  In its motion to dismiss, Groupon apparently seeks to take a bite at the IPR apple that it originally chose to eschew.

Groupon's motion to dismiss argues that Kroy is collaterally estopped from asserting the claims in its operative amended complaint, that the asserted claims are not patentable subject

---

[1] Groupon's memorandum of law (D.I. 118) implies that it chose to include in its petitions claims it understood to be "representative" of the 660 Patent, but offers no explanation why it limited its petitions to only some of the claims of the 660 Patent, rather than seeking IPR on all claims, including those that it now asserts have allegedly no patentably distinct features from those subjected to IPR.  *See id.* at 1.

matter under Section 101, and that Kroy's complaint fails to allege indirect infringement. Groupon's motion should be denied for several reasons.

First, Groupon fails to address the fact that a Rule 36 affirmance of PTAB decisions having multiple, independent grounds does not trigger collateral estoppel, because that affirmance fails to explain whether a given issue was necessary to the final judgment.

Second, Groupon's motion improperly seeks resolution of factual, or at least mixed factual and legal issues on a motion pursuant to Rule 12(b)(6).[2]  Groupon's motion essentially asks the Court to conduct a mix-and-match, roughshod obviousness analysis, and to do so at the motion to dismiss stage.  This is clearly improper.

Third, Groupon's motion as to Section 101 and patentability under the framework of *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014), ignores the fact that the Court has previously considered and rejected as premature similar arguments as to the now-invalidated claims. The Court denied Groupon's motion as to Section 101 patentability at step 2 of the Alice framework because there were factual questions of "whether the claim elements or their combination recite more than well- understood, routine and conventional activities previously known in the industry." *See* D.I. 58 at 21.  The same reasoning applies here, and the Court should, again, deny Groupon's motion.

Lastly, Groupon's arguments regarding insufficient pleading of indirect infringement are not correct, but in the interest of streamlining the issues to be resolved, can be rejected out of hand.

---

[2] This may account for Groupon's inaccurate recitation of the legal standard under rule 12(b)(6), which Groupon inexplicably replaced with the standard under rule 12(c) governing motions for judgment on the pleadings.  *See* D.I. 118 at 4 (wrongly asserting that rule 12(b)(6) allows judgement "if the movant clearly establishes that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law.").

**B.      Argument**

**1.      Collateral Estoppel Does Not Apply To The Asserted Claims**

Plaintiffs are not collaterally estopped from presenting arguments regarding the validity and scope of the claims asserted in the amended complaint.  It is true that Federal Circuit has held that PTAB determinations invalidating a patent claim have prelusive effect on arguments in Article III court proceedings regarding the validity of that *same* claim.  *See Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1250–51 (Fed. Cir. 2019).  But the Federal Circuit has not ruled that PTAB determinations on some claims of a patent have preclusive effect in district court litigation of claims in that patent that were never subjected to IPR.  *See M2M Sols. LLC v. Sierra Wireless Am., Inc.*, C.A. No. 14-1102-RGA, 2020 WL 7767639, at *6 (D. Del. Dec. 4, 2020) (noting lack of Federal Circuit authority on this issue).  And where application of collateral estoppel to claims adjudicated by the PTAB is based on an "underlying policy . . . to uphold the finality of PTAB decisions," collateral estoppel should not be applied here, given that a "jury may evaluate the validity of the [remaining claims] without disturbing the PTAB's final written decisions in the IPR proceedings because the PTAB did not previously consider the [remaining claims]."  *Id.* at *6.[3]  This is particularly true where, as here, Groupon could have, but did not include the asserted claims in its petition for IPR, and where the Federal Circuit issued a Rule 36

---

[3] Although the District Court in M2M later allowed the application of collateral estoppel, it did so at the summary judgment stage, not at the motion to dismiss stage.  *See M2M Sols. LLC v. Sierra Wireless Am., Inc.*, C.A No. 14-1102-RGA, D.I. 213 (D. Del. Mar. 31, 2021).  The M2M court was clearly influenced by the patentee's failure to address whether patentable distinctions existed between the then-asserted claims and the claims invalidated at IPR, as part of considering whether there were disputed issues of material fact.  *Id.* at 6.  Here, Plaintiff disputes Defendant's assertions that there are no patentable distinctions between the asserted claims and those invalidated in IPR.  Further, the Court in *M2M* did not confront the issue of a Rule 36 affirmance, as here.

affirmance that was silent as to the merits of the multiple independent grounds on which the PTAB issued its Final Written Decisions, the Court should decline to apply collateral estoppel.

### 2. The Federal Circuit's Rule 36 Affirmance Precludes the Application of Collateral Estoppel Here

Federal Circuit law applies to "questions involving substantive issues of patent law, issues of issue preclusion that implicate substantive patent law issues, or issues of issue preclusion that implicate the scope of our own previous decisions." *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015); *see also Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1353 (Fed. Cir. 2017) ("Federal Circuit precedent applies, however, to aspects of the collateral estoppel analysis that are particular to patent law."). Federal Circuit law thus controls the preclusive effect of PTAB findings and the impact of any affirmance on appeal, which is the consideration here.

Issue preclusion requires that the "the previous determination was necessary to the decision." *United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*, 778 F.3d 1327, 1331 (Fed. Cir. 2015). Contrary to Groupon's inaccurate characterizations that the "Federal Circuit concluded" and that the "Federal Circuit agreed" as to certain issues raised at IPR (*see* D.I. at 2-3), the Rule 36 affirmance here was silent as to which aspects of the multiple independent grounds relied on by the PTAB were those the Federal Circuit approved of or not. And under Federal Circuit law, collateral estoppel "cannot apply where the appellate court affirmed, without explanation, the judgment of a trial court that determined two issues, either of which could independently support the result, because it is not known which issue was 'necessary' to the final appellate judgment." *See Phil-Insul Corp.*, 854 F.3d at 1356 (A Rule 36 judgment "does not endorse or reject any specific part of the trial court's reasoning.") (internal citations and quotations omitted). This principle applies to the Federal Circuit's Rule 36 affirmance of the PTAB's Final

4

Written Decisions here, where the PTAB relied on no fewer than seven independent grounds to invalidate the various, overlapping sets of claims, where each ground involves multiple subsidiary issues such as disclosures of the prior art, motivations to combine, and claim construction.  Absent such information, collateral estoppel cannot apply.  *See Phil-Insul Corp.*, 854 F.3d at 1356.

### 3.   Groupon's Arguments Regarding Issues Actually Litigated Is Misleading and Raises Issues Not Resolvable on Motions to Dismiss

Issue preclusion requires, among other things, that "the identical issue was previously litigated."  *See United Access Techs., LLC*, 778 F.3d at 1331.  But here, the claims at issue in the proposed amendment were never subject to IPR, and thus were never actually litigated.  Nor can issue preclusion apply where Groupon has not met its burden of demonstrating that the claims at issue here are patentably indistinct from those in the PTAB decisions.  *See Stragent, LLC v. BMW of North America, LLC*, C.A. No. 20-510-LPS, 2021 WL 1147468, at *7 (D. Del. Mar. 25, 2021) (claims at issue must be patentably distinct from claims in prior decisions in order for issue preclusion to take hold); *see also SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018) (claims are patentably indistinct if the scope of the claims is "essentially the same").  Although Groupon argues that it is the "issues" (as opposed to the specific claims) that must have been actually litigated for estoppel to attach, Groupon contorts this point in an effort to have the Court assess and rule on whether the claims asserted here are patentably distinct from those invalidated in IPR; but this is not resolvable on a motion to dismiss, in part because resolving such issues would benefit from a Markman decision and/or expert opinion in order to determine the scope of these claims.

### a)   Groupon's Assertions Regarding Patentable Distinctions Are Misleading

Groupon's arguments that the asserted claims are not patentably distinct from those invalidated at IPR are misleading in several respects.  For example, Groupon argues that asserted

claim 111 is "identical" to invalidated claim 14.  D.I. at 7-8.  Groupon also argues that asserted

claim 95 is "identical" to invalid claim 87.  D.I. 11-12.  This is incorrect, as is evident from

Groupon's own charts, where at least one entire element differs between invalid and asserted

claims.[4]  Similarly, Groupon argues that the PTAB found that "website" elements of asserted claim

100 were found in the prior art.  *See* D.I. 8-11.  A similar problem affects Groupon's arguments

regarding the "electronic card" element found in asserted claim 107 (*see* D.I. at 14-16), and the

elements of claim 91 (*see* D.I. 18-19).  For each of these points, Groupon is essentially attempting

a "mix-n'-match" style of patent validity analysis.  But this is not the operative question, which

resembles an obviousness analysis, and a claim "composed of several elements is not proved

obvious merely by demonstrating that each of its elements was, independently, known in the prior

art."  *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007).  But even if Groupon's analytical

method were correct, it necessarily impinges on factual and legal issues that cannot be resolved on

a motion to dismiss.  Indeed, none of those underlying factual or legal issues were expressly

affirmed or rejected by the Federal Circuit's Rule 36 judgment.  *See Phil-Insul Corp.*, 854 F.3d at

1356 (A Rule 36 judgement "does not endorse or reject any specific part of the trial court's

reasoning.").

> **b)** **Groupon Improperly Asks The Court To Rule on Patentable Distinctions between Asserted and Invalid Claims, But This Is Not Resolvable On A Motion To Dismiss**

Other decisions by courts in this District in substantially similar circumstances

unequivocally demonstrate that the question of whether the claims at issue here are patentably

indistinct from those in the PTAB decisions is unresolvable on a motion to dismiss.  Like here, the

---

[4] For asserted claim 111, the element "receiving a request to validate the award" is different from the allegedly "corresponding" element in invalid claim 14, and for asserted claim 95, the "host computer" does not include a limitation of "having a server" present in invalid claim 87. Further, asserted claim 95 is a method claim, whereas invalid claim 87 is directed to a system.

defendant in *Stragent, LLC v. BMW of N. Am., LLC* argued that each of the core elements of the at-issue claims or patentably indistinct variations thereof could be found in claims that were previously invalidated by the PTAB.  *See* 2021 WL 1147468, at *6.  Conversely, the plaintiff identified a number of limitations in the at-issue claims that were not found in the prior claims, where such limitations may affect the patentability of the claims.  *Id.*  A court in this District held that it could not determine whether the additional limitations would not materially impact the question of patentability without the benefit of claim construction or expert opinion, and thus it could not reach a decision on issue preclusion at the motion to dismiss stage.  *Id.* at *6-7.

Similarly, the court in *Purdue Pharma L.P. v. Mylan Pharms. Inc.* found that whether the claims at issue were patentably distinct from those that were invalidated in a prior litigation was an issue of fact that could not be resolved on a motion to dismiss.  Case No. 15-1155-RGA-SRF, 2017 WL 2569604, at *2 (D. Del. June 13, 2017).  Specifically, the Court's decision was supported by the existence of limitations in the at-issue claims that were not required by the invalidated claims, as well as the fact that the at-issue claims involved a process claim whereas the invalidated claims did not consider process limitations.  *Id.* at *1.  As discussed above, even Groupon's own papers demonstrate that the asserted claims contain different elements and even cover different subject matter (*e.g.*, asserted method claims versus invalidated system claims) than those evaluated in IPR.  Such factual and legal issues inhere in the analysis Groupon asks this Court to conduct.  Such analysis is not proper at the motion to dismiss stage, where no claim construction has occurred, and no expert testimony has been submitted on the issue.

### 4.   Groupon's remaining arguments regarding Section 101 and indirect infringement are re-hashed versions of previously rejected arguments

Groupon's argument as to Section 101 patentability essentially halts at step 1 of the Alice framework.  *See* D.I. 22-23. This is presumably because Groupon is aware that the Court already

considered these points and rejected them as premature at step 2 of the Alice framework because there were factual questions of "whether the claim elements or their combination recite more than well understood, routine and conventional activities previously known in the industry." *See* D.I. 58 at 21.  Groupon offers no basis to depart from that reasoning here.

Kroy's count of indirect infringement is properly alleged.  Groupon argues that direct infringement requires that a single party perform each step of a claimed method (*see* D.I. 118 at 24) ignoring the fact that divided infringement can support the allegation of direct infringement. Here, Kroy sufficiently alleges that direct infringement (under a divided infringement theory) occurs, but given the indirect infringement theory is largely redundant of the direct infringement, Kroy is willing to withdraw count II (indirect infringement) to simplify the case.

### C.   Conclusion

For the foregoing reasons, the Court should deny Groupon's motion to dismiss.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

David L. Hecht
Conor B. McDonough, Ph.D.
James Zak
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Tel: (212) 851-6821


Dated:  April 21, 2022
10117394 / 44459

By:   */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Brandon R. Harper (#6418)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
bharper@potteranderson.com

*Attorneys for Plaintiff Kroy IP Holdings, LLC*