# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KROY IP HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) C.A. No. 17-1405-MN-CJB | |
| v. ) | |
| ) | |
| ) | |
| GROUPON, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

*Of Counsel:*

Thomas L. Duston
Ray Ricordatti
Chelsea Murray
MARSHALL, GERSTEIN AND BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Dated: April 28, 2022

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01795379;v1 }

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 3 |
|   | A. Collateral Estoppel Extends to Non-Adjudicated Claims | 3 |
|   | B. The Federal Circuit's Rule 36 Affirmances Do Give Rise to Collateral Estoppel | 4 |
|   | C. The Invalidity of the Newly Asserted Claims' Scope Was Actually Litigated | 6 |
|   | D. Collateral Estoppel Can and Should Be Applied at the Motion to Dismiss Phase | 9 |
|   |     1. Kroy's Cases Declining To Apply Collateral Estoppel Are Inapposite | 10 |
|   |     2. Kroy's Second Amended Complaint Represents a Collateral Attack on Judgments Rendered After a Full and Fair Opportunity to Litigate | 11 |
|   | E. Kroy Fails to Refute Conventionality of Claimed Technologies Under § 101 | 11 |
|   | F. Kroy Concedes Its Indirect Infringement Claim | 12 |
| III. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashe v. Swenson,*
    397 US 436, 90 S. Ct. 1189 (1970) ................................................................................ 6

*B & B Hardware, Inc. v. Hargis Indus., Inc.,*
    575 U.S. 138 (2015) ........................................................................................................ 4

*Bancorp Services v. Sun Life Assur. Co. of Canada,*
    687 F.3d 1266 (Fed. Cir. 2012) ................................................................................ 9, 12

*Blair v. Alstom Transportation, Inc.,*
    No. 16 CIV. 3391 (PAE), 2020 WL 4504842 (S.D.N.Y. Aug. 5, 2020) ...................... 11

*Cal. Inst. of Tech. v. Broadcom, Ltd.,*
    25 F.4th 976 (Fed. Cir. 2022) ........................................................................................ 1

*Capella Photonics, Inc. v. Ciena Corp.,*
    546 F. Supp. 3d 977 (N.D. Cal. 2021) ........................................................................ 10

*Fellowes, Inc. v. ACCO Brands Corp.,*
    2019 WL 1762910 (N.D. Ill. Apr. 22, 2019) .............................................................. 11

*Ho Keung Tse v. Apple Inc.,*
    635 F. App'x 864 (Fed. Cir. 2015) ......................................................................... 5, 10

*Hubbard v. Midwest Bus Sales,*
    823 F.3d 448 (8th Cir. 2016) ......................................................................................... 6

*Intellectual Ventures, I, LLC v. Lenovo Grp. Ltd.,*
    370 F. Supp. 3d 251 (D. Mass. 2019) ........................................................................... 5

*Jean Alexander Cosmetics, Inc. v. L'OREAL USA,*
    458 F.3d 244 (3rd Cir. 2006) .................................................................................. 6, 10

*Microsource, LLC v. Eco World Group, LLC,*
    No. 19-CV-04016-CJW-MAR, 2022 WL545034 (N.D. Iowa Feb. 23, 2022) ............. 8

*Nestle USA, Inc. v. Steuben Foods, Inc.,*
    884 F.3d 1350 (Fed. Cir. 2018) .................................................................................. 13

*NetAirus Techs., LLC v. Apple Inc.,*
    No. LACV1303780JAKEX, 2016 WL 5898640 (C.D. Cal. Mar. 23, 2016) .............. 11

# TABLE OF AUTHORITIES
(*Continued*)

                                                                                    **Page(s)**

*NetSoc, LLC v. Oath Inc.*,
    No. 18-CV-12267 (RA), 2020 WL 419469 (S.D.N.Y. Jan. 24, 2020) .............................. 10

*Ohio Willow Wood Co. v. Alps South, LLC*,
    735 F.3d 1333 (Fed. Cir. 2013)................................................................................. 3, 4, 9

*Ormco Corp. v. Align Technology, Inc.*,
    498 F.3d 1307 (Fed. Cir. 2007).............................................................................................. 7

*Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*,
    924 F.3d 1243 (Fed. Cir. 2019).............................................................................................. 3

*Phil-Insul Corp. v. Airlite Plastics Co.*,
    854 F.3d 1344 (Fed. Cir. 2017).............................................................................................. 5

*Purdue Pharma L.P. v. Mylan Pharms. Inc.*,
    No. 15-1155-RGA-SRF, 2017 WL 2569604 (D. Del. June 13, 2017) ............................ 12

*Spruill v. Gillis*,
    372 F.3d 218 (3rd Cir. 2004) ............................................................................................... 11

*Stragent, LLC v. BMW of North Amer., LLC*,
    2021 WL 1147468 (D. Del. Mar. 25, 2021) ...................................................................... 12

*Think Products, Inc. v. ACCO Brands Corp.*,
    419 F. Supp.3d 1078 (N.D. Ill. 2019), *aff'd* 854 F. App'x 374 (Fed. Cir. 2021) ............... 8

*United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*,
    778 F.3d 1327 (Fed. Cir. 2015)......................................................................................... 6, 7

*XY, LLC v. Trans Ova Genetics*,
    890 F.3d 1282 (Fed. Cir. 2018)......................................................................................... 4, 5

Defendant Groupon, Inc. ("Groupon") hereby replies to Plaintiff Kroy IP Holdings, LLC's ("Kroy") Opposition to Defendant's Motion to Dismiss (D.I. 120) (the "Opposition").

## I. INTRODUCTION

In its opening Memorandum, Groupon demonstrated how each of the remaining peripheral patent claims on which Kroy seeks to continue this litigation are squarely within the scope of the invalidity decisions previously litigated to completion by the Patent Trial and Appeal Board ("PTAB") and the Federal Circuit. Groupon further analyzed the grounds articulated by the PTAB for invalidating these claims, as affirmed by the Federal Circuit, and explained how the prior art disclosures found to render those claims invalid applied equally to the newly asserted claims.

In response, Kroy makes little attempt to explain how the invalidated claims differ in any meaningful way from those it now seeks to assert. Kroy further fails to identify any ground relied upon to invalidate these claims that would not equally invalidate the newly asserted claims.

Instead of trying to articulate how any unique patentable invention could still exist in the wake of the binding decisions invalidating all core claims of its patent, Kroy resorts to three cursory technical arguments in opposing application of collateral estoppel.  None are persuasive.

First, Kroy wrongly asserts that collateral estoppel applies *only* to claims that were the subject of the IPR proceedings.  Kroy faults Groupon for targeting patent claims asserted against it at the time of its IPRs and implies that Groupon was obligated to challenge **_all 115_** claims of U.S. Patent No. 6,061,660 in its IPR petitions, upon pain of relinquishing its opportunity to challenge any of those remaining claims.  No such requirement exists.[1] Kroy confuses *res*

---

[1] *See Cal. Inst. of Tech. v. Broadcom, Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (making explicit that a petitioner need not challenge every claim in a patent and is not estopped from later challenging validity of patent claims that were not addressed by the PTAB).

{01795379;v1 }

*judicata* with issue preclusion. By definition, issue preclusion extends determinations concerning the challenged claims to unchallenged claims whose scope does not differ materially. Courts have not limited its application as Kroy suggests.

Second, Kroy falsely asserts that collateral estoppel cannot be premised here upon the Federal Circuit's Rule 36 affirmances of each of the PTAB's two IPR decisions. Even the cases cited by Kroy for this proposition refute its arguments. Each and every ground articulated by the PTAB would alone suffice to collaterally estop Kroy's current claims. In affirming the PTAB's two judgments, the Federal Circuit thus necessarily determined that the challenged claims were invalid based upon a ground that estops Kroy's current action.

Third, Kroy incorrectly argues that this Court may not resolve issues of collateral estoppel at the pleading stage because of purportedly unresolved "factual issues." Courts, however, often dismiss actions on the pleadings where collateral estoppel bars their assertion. Kroy's allegations, within the four corners of the complaint and matters of which this Court may take judicial notice, fail to plausibly allege a right to relief. While Kroy identifies minor differences in language between the invalidated and newly asserted claims, none are material, nor would any render the previous invalidity determinations inapplicable to the newly asserted claims. Nothing that could be adduced in discovery will change this conclusion, and no reason exists to prolong this case.

With respect to Groupon's independent basis for dismissal under Section 101, Kroy misleadingly suggests that Groupon's arguments amount to no more than arguments Groupon previously advanced in response to Kroy's original complaint. Not true. The PTAB and Federal Circuit have since dismissed the purported "novelty" of the claimed invention, rejecting Kroy's so-called "inventive concept." Since this Court previously declared claims such as those now

asserted to be abstract (which Kroy no longer contests), the more recent PTAB and Federal Circuit decisions have now resolved the only issue Kroy has argued would preclude invalidity under Section 101.

Lastly, Kroy does not dispute that it has failed to identify a direct infringer of the claims—a necessary requisite to its indirect infringement allegations. Instead, Kroy argues that it has adequately alleged indirect infringement based upon a theory of joint infringement. Not only does Kroy's complaint lack allegations sufficient to support such a theory, Kroy was expressly denied the right to advance such a theory by this Court. Transcript of 3/2/2022 Telephonic Hearing at 13:13-14:14 (attached as Exhibit A).

## II. ARGUMENT

### A. Collateral Estoppel Extends to Non-Adjudicated Claims

As a first matter, Kroy wrongly suggests collateral estoppel applies only to claims actually invalidated in the two IPRs. D.I. 120 at 3 (citing *Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.,* 924 F.3d 1243, 1250–51 (Fed. Cir. 2019)). In the very case Kroy cites for this proposition, however, the Federal Circuit collaterally estopped assertion of claims from one patent based upon a PTAB decision invalidating claims of another, related patent. *See Papst* at 1252-53 (noting that claims of newly asserted '437 patent recited limitations that, while not identical, were not materially different from those in claims of the '144 patent previously found invalid in prior IPR). As the Federal Circuit also observed in *Ohio Willow Wood Co. v. Alps South, LLC*:

> [P]recedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply…. If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.

735 F.3d 1333, 1342-43 (Fed. Cir. 2013) (citations omitted).[2]

Kroy's assertion that "the Federal Circuit has not ruled that PTAB determinations on some claims of a patent have preclusive effect in district court litigation of claims in that patent that were never subjected to IPR" is at odds with these decisions. The Supreme Court has declared that agency decisions have preclusive effect on pending district court litigation. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) ("Both this Court's cases and the Restatement make clear that issue preclusion is not limited to those situations in which the same issue is before two *courts*. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies.") The Federal Circuit has ruled explicitly that decisions of the PTAB have collateral estoppel effect on "*all pending or co-pending actions*." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (emphasis added); *see also Intellectual Ventures, I, LLC v. Lenovo Grp. Ltd.,* 370 F. Supp. 3d 251, 257 (D. Mass. 2019)(relying on *XY, LLC* to invalidate dependent claim based upon PTAB's decision invalidating independent claim, observing that "for collateral estoppel to apply, the asserted unadjudicated claim need not be identical to the adjudicated claim.")

### B. The Federal Circuit's Rule 36 Affirmances Do Give Rise to Collateral Estoppel

Kroy falsely asserts that the Rule 36 affirmances cannot trigger collateral estoppel because they lack an articulation of the grounds upon which the Federal Circuit affirmed the PTAB's two IPR decisions. Once again, the very case cited by Kroy for this proposition

---

[2] In *Ohio Willow Wood*, for example, the Federal Circuit found that the invalidity of claims reciting a "tube sock-shaped covering" for an "amputation stump" served to collaterally estop assertion of a claim of a second, related patent which "analogously recites the same claim scope in the form of a 'cushion liner for enclosing an amputation stump, said liner comprising a fabric covering having an open end for introduction of said stump and a closed end opposite said open end.'" 735 F.3d at 1342-43.

expressly rejected this argument. *See Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1354-55 (Fed. Cir. 2017) ("TecSec did not create a categorical ban against asserting a Rule 36 judgment for collateral estoppel purposes."); *see also Ho Keung Tse v. Apple Inc.,* 635 F. App'x 864, 865 (Fed. Cir. 2015) (affirming district court's dismissal under collateral estoppel from another district court's invalidity decision that was summarily affirmed under Rule 36).

Kroy contorts statements taken out of context from several Federal Circuit decisions to argue that collateral estoppel may never apply if more than one basis supports an earlier judgment. Kroy's argument nonsensically would deny finality to earlier decisions even where each and every ground articulated would suffice to bar a later claim. This is a distortion of the law. In this Circuit, preclusive effect is accorded to each independently sufficient ground supporting an earlier judgment. *Jean Alexander Cosmetics, Inc. v. L'OREAL USA*, 458 F.3d 244, 255 (3rd Cir. 2006) ("Although the TTAB's conclusion on likelihood of confusion was not its only basis for denying the cancellation petition, it was one of two independently sufficient grounds on which the Board resolved the case. Under these circumstances, we will apply the doctrine of issue preclusion and affirm the District Court's dismissal of Jean Alexander's complaint.")

Kroy has not shown (and cannot) that the Federal Circuit's affirmance could have been premised on a ground that **_would not_** collaterally estop the assertion of the newly asserted claims. *See Hubbard v. Midwest Bus Sales*, 823 F.3d 448, 454-55 (8th Cir. 2016) (applying collateral estoppel where either of two independent grounds would preclude relitigation of issue); *see also Ashe v. Swenson,* 397 US 436, 444-45, 90 S. Ct. 1189 (1970) (applying collateral estoppel where it was not shown that "jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.")

Kroy misstates the holding in *United Access Techs., LLC v. CenturyTel Broadband Servs. LLC*, 778 F.3d 1327 (Fed. Cir. 2015). In *United Access*, the Federal Circuit faced a situation very different from the facts present here—there the jury's verdict could have been based upon a ground that would not foreclose the plaintiff's subsequent infringement allegations:

> In holding that the jury verdict in the EarthLink case could have been based on the absence of a telephone from Earth-Link's systems, rather than on the failure of proof that the ADSL technology infringes United's patents, **the trial court in EarthLink found that a rational jury could have grounded its verdict on an issue other than the one the defendants now seek to foreclose from consideration[.]**

*Id.* at 1334 (emphasis added).

Here, in contrast, because all roads lead to the invalidity of the challenged claims, Kroy cannot point to any ground supportive of the PTAB and Federal Circuit's decisions that would not foreclose the present suit.

### C. The Invalidity of the Newly Asserted Claims' Scope Was Actually Litigated

Kroy raises only two challenges to Groupon's arguments that newly asserted claims 91, 95, 100, 107 and 111 are substantially the same as claims previously found invalid. Kroy does not dispute Groupon's arguments that the remaining claims are sufficiently identical to claims found invalid. Kroy's challenges are properly rejected.

First, Kroy asserts that claims 111 and 95 each omit an element found in otherwise identical claims that were previously declared invalid. As a matter of law, however, the prior invalidity determinations of the PTAB and Federal Circuit estop assertion of claims broader than those invalidated. *See Ormco Corp. v. Align Technology, Inc.,* 498 F.3d 1307, 1319-20 (Fed. Cir. 2007) ("Because claims 10 and 17 were found to have been obvious, the broader claims 1 and 11 must also have been obvious."); *see also Microsource, LLC v. Eco World Group, LLC*, No. 19-CV-04016-CJW-MAR, 2022 WL545034, *5-6 (N.D. Iowa Feb. 23, 2022) (applying collateral

estopped, noting "[i]f a prior claim is invalidated for obviousness, then asserted claims of broader scope raise no new issues of invalidity"); *Think Products, Inc. v. ACCO Brands Corp.*, 419 F. Supp.3d 1078, 1086 (N.D. Ill. 2019) (same), *aff'd* 854 F. App'x 374 (Fed. Cir. 2021).

Thus, the fact that claim 111 simply recites "a request to validate," without reciting the request is received "from the sponsor," does not alter its scope in a manner that renders inapplicable the earlier invalidity determinations. In invalidating nearly identical claim 14, which recited *receiving a request to validate* from a sponsor, the PTAB and Federal Circuit necessarily determined that the prior art disclosed claim 111's "receiving a request to validate." It is immaterial that claim 111's request could come more broadly from actors other than the sponsor.

Kroy similarly argues that claim 95 recites "a host computer" without also requiring it include a "server." However, in invalidating claim 87, which recited a host computer having a server, the PTAB and Federal Circuit necessarily determined that the prior art disclosed "a host computer." The fact that claim 95 could, but need not, also include a server does not alter its scope sufficiently to render inapplicable the PTAB and Federal Circuit's earlier invalidity determinations.[3]

Second, with respect to claims 100, 107, and 91, Kroy argues Groupon improperly "mix-n'-matches" prior art elements and declares that obviousness is not proved merely by showing that elements of a claim were each, independently, known in the prior art (D.I. 120 at 6). Kroy mischaracterizes Groupon's arguments.

---

[3] Also irrelevant is Kroy's additional assertion that invalidated claim 87 recites a system, while newly asserted claim 95 recites a method of assembling and using such a system. *See Bancorp Services v. Sun Life Assur. Co. of Canada*, 687 F.3d 1266, 1276-77 (Fed. Cir. 2012) (distinction between method and system immaterial to invalidity where limitations otherwise equivalent).

Groupon does not assert merely that elements such as an "electronic card" or a "website" were somewhere disclosed in the prior art. Groupon does not seek to deconstruct the systems and methods that the PTAB and Federal Circuit found a person of skill would have been motivated by the prior art to create, so as to reassemble their elements in a manner not sanctified by either the PTAB or the Federal Circuit.

Instead, Groupon points to independent determinations by the PTAB, affirmed by the Federal Circuit, that two primary prior art references (Kelly and Chelliah) each disclose the claimed electronic cards and websites as part of systems and methods that were also found to teach each of the remaining elements of these claims. While Kroy's patent claims may mix and match the same handful of elements in various permutations, the Kelly-based and Chelliah-based systems found to be described in the prior art by the PTAB and Federal Circuit each include all of these elements. These now final invalidity determinations concluded that claims having the same scope as claims 100, 107, and 91 were anticipated by, and obvious in light of, this prior art. *See Ohio Willow Wood*, 735 F.3d at 1342–43 ("it is the identity of the issues that were litigated that determines whether collateral estoppel should apply. … If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.")[4]

---

[4] For example, all but one of Claim 91's limitations were recited in Claim 7, all of which were found to be disclosed in the prior art. Claim 91's sole remaining limitation—that the host, sponsor and consumer be separate entities—was recited in claim 87 and numerous other claims the PTAB and Federal Circuit invalidated. The prior art was found necessarily to teach this arrangement. Claim 91 does not meaningfully differ in scope from claims found invalid.

### D. Collateral Estoppel Can and Should Be Applied at the Motion to Dismiss Phase

Courts often have disposed of claims at the pleading stage based upon issue preclusion (*i.e.*, collateral estoppel), including with respect to patent invalidity. *See, e.g., Ho Keung Tse*, 635 F. App'x at 865 (affirming district court's dismissal of patent claims with prejudice under Rule 12(b)(6) pursuant to collateral estoppel); *Jean Alexander Cosmetics, Inc. v. L'OREAL USA*, 458 F.3d 244, 255 (3rd Cir. 2006) (affirming dismissal under 12(b)(6) based upon collateral estoppel); *Capella Photonics, Inc. v. Ciena Corp.*, 546 F. Supp. 3d 977, 984–86 (N.D. Cal. 2021) (dismissing claims pursuant to Rule 12(b)(6), noting "Federal Circuit's affirmance of the PTAB's written decision invalidating the relevant claims in the '368 and '678 patents has collateral estoppel effect on substantially identical claims in the '905 and '906 patents before this Court."); *NetSoc, LLC v. Oath Inc.*, No. 18-CV-12267 (RA), 2020 WL 419469, at *4–5 (S.D.N.Y. Jan. 24, 2020) (dismissing action under Rule 12(b)(6) where earlier invalidity judgment collaterally estopped assertion of substantially similar claims of a related patent); *NetAirus Techs., LLC v. Apple Inc.*, No. LACV1303780JAKEX, 2016 WL 5898640, at *1–4 (C.D. Cal. Mar. 23, 2016) (dismissing unadjudicated claim pursuant to Rule 12 based upon prior judgment finding claim depending therefrom to be obvious); *Blair v. Alstom Transportation, Inc.*, No. 16 CIV. 3391 (PAE), 2020 WL 4504842, at *4-6 (S.D.N.Y. Aug. 5, 2020) (denying leave to assert unadjudicated claim based upon collateral estoppel arising from PTAB's invalidation of claims not meaningfully distinct); *Fellowes, Inc. v. ACCO Brands Corp.*, No. 10 cv 7587, 2019 WL 1762910, at *2–8 (N.D. Ill. Apr. 22, 2019) (denying leave to assert unadjudicated claims "not

materially different from claims . . . that the PTAB and Federal Circuit have found to be invalid").[5]

### 1. Kroy's Cases Declining To Apply Collateral Estoppel Are Inapposite

Neither the *Stragent* nor *Purdue* cases cited by Kroy presented the same striking claim similarities at issue here. In *Stragent, LLC v. BMW of North Amer., LLC*, No. 20-510-LPS, 2021 WL 1147468 (D. Del. Mar. 25, 2021), the newly asserted claims varied greatly from those recited in two invalidated patents. There the newly asserted claims were narrower than those found invalid, adding elements not previously addressed, such as "an automotive electronic control unit," "a Flexray network protocol," and "a Controller Area Network protocol," among other differences. *Id.* at *6 n.8; *compare* invalidated claim 1 of U.S. Patent No. 8,566,843 (attached as Exhibit B) to asserted claim 1 of U.S. Patent No. 10,002,036 (attached as Exhibit C). The earlier invalidity determinations in *Stragent* failed to address whether the prior art combinations disclosed such elements.

Similarly, in *Purdue Pharma L.P. v. Mylan Pharms. Inc.,* No. 15-1155-RGA-SRF, 2017 WL 2569604, *2 (D. Del. June 13, 2017), the newly asserted claims included limitations not recited in the invalidated claims, such as explicit requirements that the composition comprise "at least 95% oxycodone," or "less than 5ppm of codeinone." *Purdue Pharma,* No. 15-1155-RGA-SRF, "Report and Recommendation," D.I. 67 at 9-19 (attached as Exhibit D). Because these additional limitations were wholly absent from the invalidated claims, and the question of their disclosure in the prior art was unaddressed, issue-preclusion was not applied. *Purdue*, 2017 WL

---

[5] Groupon did not misstate the standard for dismissal under Rule 12(b)(6), as Kroy contends. *See* D.I. 120 at 2, n.2. While the case cited by Groupon recited the standard under Rule 12(c), there are no material differences in the applicable legal standards under 12(b)(6) and 12(c). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3rd Cir. 2004).

2569604 at *1-2. Here, the newly asserted claims do not include elements not addressed by the PTAB and Federal Circuit.[6]

### 2. Kroy's Second Amended Complaint Represents a Collateral Attack on Judgments Rendered After a Full and Fair Opportunity to Litigate

Kroy suggests that issues of fact remain concerning the proper construction of limitations found in the newly asserted claims, requiring expert testimony. Kroy does not identify any such limitations in need of construction. More importantly, Kroy does not point to any limitations that were not recited already in one or more of the invalidated claims, nor explain why it did not take advantage of the opportunity to seek construction of those limitations during the IPR proceedings. Kroy's belated request of this Court to construe these unidentified limitations now amounts to little more than a collateral attack on the decisions of the PTAB and Federal Circuit. *See Nestle USA, Inc. v. Steuben Foods, Inc.,* 884 F.3d 1350, 1352 (Fed. Cir. 2018) (no need to further develop facts where patent owner "had a full and fair opportunity to litigate the issue" and failed to "point[] to any material difference between the two patents or their prosecution histories that would give rise to claim construction issues in this appeal different from those raised in the prior appeal.").

### E. Kroy Fails to Refute Conventionality of Claimed Technologies Under § 101

Kroy does not dispute that the newly asserted Claims are just as abstract as those previously adjudged by this Court. Kroy, however, accuses Groupon of ignoring Step Two of

---

[6] Kroy also wrongly implies *Purdue* declared the invalidation of systems claims irrelevant to the enforceability of identical method claims. The court in *Purdue* dealt with product-by-process claims, a type of claim not present in Kroy's patent, and explicitly found that the claims had differing elements. For purposes of invalidity, however, the mere framing of a claim as either a method or system without more is not a patentable distinction. *See Bancorp Services*, 687 F.3d at 1276-77 (explaining that mere distinction of claims to a method, system, or even computer-readable medium is immaterial where limitation of claim body are equivalent in affirming invalidity of claims of all three types).

the *Alice* analysis. This is incorrect. Groupon clearly established that the purported "inventive concepts" Kroy argues preclude invalidation under Section 101 were found necessarily by both the PTAB and the Federal Circuit to have been previously known in the industry. Nowhere does Kroy explain how these determinations do not serve to answer the remaining step under *Alice*.

### F. Kroy Concedes Its Indirect Infringement Claim

In the face of Groupon's arguments, Kroy seeks yet again to withdraw claims it has forced Groupon now to challenge on at least two occasions. Kroy asserts that its allegations of indirect infringement nevertheless are supported under a theory of joint infringement. Kroy's attempts to advance such a theory are in direct contravention of this Court's order denying Kroy leave to assert untimely theories of joint infringement. Ex. A, Transcript of 3/2/2022 Telephonic Hearing at 13:13-14:14. Rather than permitting Kroy yet again to advance and then withdraw claims without consequence, the burden and expense imposed upon Groupon, and Kroy's disregard of this Court's previous rulings, warrant dismissal with prejudice.

## III. CONCLUSION

The half decade saga surrounding Kroy's efforts to harass Groupon with invalid claims must end. The PTAB and Federal Circuit have declared the scope of these newly asserted claims to be invalid, based upon prior art combinations a person of skill in this art was found to have been motivated to make. Those determinations estop Kroy's continued assertion of such claims. The PTAB and Federal Circuit's determinations are also fatal to Kroy's arguments that seek to avoid invalidation under Section 101. Those determinations resolve against Kroy any argument that these claims embody a novel, inventive arrangement of elements. Kroy's repeated efforts to unsuccessfully assert a cause of action for indirect infringement—in open defiance of this Court's prior orders—warrants dismissal of these allegations with prejudice.

| | ASHBY & GEDDES |
|---|---|
| | /s/ Andrew C. Mayo |
| | ——————————————— |
| | Steven J. Balick (#2114) |
| | Andrew C. Mayo (#5207) |
| | 500 Delaware Avenue, 8th Floor |
| | P.O. Box 1150 |
| *Of Counsel:* | Wilmington, DE 19899 |
| | (302) 654-1888 |
| Thomas L. Duston | sbalick@ashbygeddes.com |
| Ray Ricordatti | amayo@ashbygeddes.com |
| Chelsea Murray | |
| MARSHALL, GERSTEIN AND BORUN LLP | *Attorneys for Defendant* |
| 233 South Wacker Drive | |
| 6300 Willis Tower | |
| Chicago, IL 60606-6357 | |
| (312) 474-6300 | |

Dated: April 28, 2022